UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ROBERT A. PASSERO,

                    Plaintiff,

    - against -

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, POLICE OFFICER BRIAN P.
MCLAUGHLIN, in his individual and official capacity,
POLICE OFFICER MARY-JEAN NAPPI, in her individual
and official capacity and "JOHN DOES 1-10", in their
individual and official capacity,

                    Defendants.
-------------------------------------------------------------------X

**DOCKET NO.: CV-17-4585**

**COMPLAINT**

***JURY TRIAL DEMANDED***

      **PLAINTIFF, ROBERT A. PASSERO,** by and through his attorneys, THE LAW OFFICES OF

FREDERICK K. BREWINGTON, as and for his Complaint, against the Defendants, respectfully states

and alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

      1.     This is a civil action for monetary relief including past economic loss, compensatory

damages, punitive damages, disbursements, costs and fees brought under 42 U.S.C. § 1983 grounded

in rights secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States

Constitution, and other New York State causes of action. This is an action against the COUNTY OF

NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER BRIAN P.

MCLAUGHLIN, in his individual and official capacity, POLICE OFFICER MARY-JEAN NAPPI, in

her individual and official capacity, and JOHN DOES 1-10, in their individual and official capacity, for

violating the civil rights and constitutional rights of Plaintiff, ROBERT A. PASSERO, by engaging in

unlawful conduct including false and unlawful arrest, excessive force, failure to intervene, malicious

prosecution, abuse of process, fabrication of evidence, negligence, unfair and improper practices, mental

abuse, recklessness, carelessness, intentional actions of the agents employees, and intentional infliction

of emotional distress that resulted in physical and emotional harm. All acts were committed under color of law, thus depriving Plaintiff of rights secured by the Constitution and laws of the United States and the State of New York.

2.      Plaintiff, ROBERT A. PASSERO, was falsely arrested, falsely charged, falsely jailed, falsely detained, deprived of his freedom, abused, subjected to violence, subjected to unauthorized touchings, without reason, legal basis or justification by the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER BRIAN P. MCLAUGHLIN, in his individual and official capacity, POLICE OFFICER MARY-JEAN NAPPI, in her individual and official capacity, and JOHN DOES 1-10, in their individual and official capacity, all who knew or should have known, or became aware that there was no merit to the arrest, jailing, imprisonment, charging and the continuance of said actions and that pursuit of same was illegal.

3.      The initial incident of the within matter arose on or about June 1, 2016, at approximately 9:15 p.m. at or around the vicinity of Beatrice Avenue and Humphrey Drive in the County of Nassau, State of New York.

4.      On or about June 1, 2016 through December 14, 2016, Plaintiff, ROBERT A. PASSERO was falsely accused, falsely charged, falsely arrested, falsely detained, falsely jailed, denied information, denied basic rights, and subjected to wrongful and negligent actions by Defendants. He was denied his freedom despite the clear evidence showing that he should be freed, and was not afforded basic civil and constitutional protections, with the full complicity of the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER BRIAN P. MCLAUGHLIN, in his individual and official capacity, POLICE OFFICER MARY-JEAN NAPPI, in her individual and official capacity, and JOHN DOES 1-10, in their individual and official capacity and others.

2

5.      Plaintiff, ROBERT A. PASSERO, sustained severe damages, physical and emotional injuries, including, but not limited to, violation of his civil rights, injury to his mental health, permanent damage to his good name and reputation, humiliation, shame, embarrassment, extreme mental and emotional harm and stress, invasion of his person,  impairment of earning power, as well as the unjustified loss of his freedom, good standing in the community, comfort, employment, income, career opportunities and other damages not yet fully ascertained.

## JURISDICTION

6.      This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C.A. § 1367, to hear and decide any and all claims arising under state law.

7.      All conditions precedent to instituting the lawsuit have been complied with in a timely manner including but not limited to the filing of a notice of claim. In response to the notice of claim, the defendants failed to settle the matter.

8.      Venue herein is proper under 28 U.S.C. § 1391 (b); the cause of action arose in the Eastern District of New York.

9.      That prior hereto Plaintiff in conjunction with his State claims filed a Notice of Claim in compliance with General Municipal Law Section 50 et. seq.

10.     That more than 30 days have elapsed and Defendants have failed and refused to pay or adjust same.

## PARTIES

11.     During all times relevant to this Complaint, the Plaintiff ROBERT A. PASSERO (hereinafter, "MR. PASSERO") was, and still is, a citizen of the United States, residing in the County of Nassau, State of New York.

12.     The Defendant COUNTY OF NASSAU (hereinafter "COUNTY") is a duly constituted municipal corporation of the State of New York and is and was the employer of POLICE OFFICER BRIAN P. MCLAUGHLIN  (hereinafter referred to as "Defendant MCLAUGHLIN") POLICE OFFICER MARY-JEAN NAPPI (hereinafter referred to as "Defendant NAPPI"), and certain of the unnamed police officers and Detectives, and other personnel ("JOHN DOES 1-10").

13.     The Defendant NASSAU COUNTY POLICE DEPARTMENT (hereinafter "NASSAU POLICE") is an agency of the COUNTY.

14.     Upon information and belief, during all times relevant to this Complaint, Defendant MCLAUGHLIN was and is a citizen and resident of the State of New York. Defendant MCLAUGHLIN at all times herein mentioned was a Police Officer employed by the COUNTY, was under the direction of the NASSAU POLICE and COUNTY, and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or COUNTY, and acting in his individual and official capacity.  The NASSAU POLICE and COUNTY are herein intended to be one sueable entity and any reference to NASSAU POLICE is a reference to the sueable entity which is COUNTY.

15.     Defendant NAPPI was and is a citizen and resident of the State of New York, and at all times herein mentioned was a Police Officer employed by the COUNTY, was under the direction of the NASSAU POLICE and COUNTY, and was acting in furtherance of the scope of her employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York

and/or COUNTY, and acting in her individual and official capacity.

16.    "JOHN DOES" 1-10 were at all times herein mentioned police officers and/or detectives, in their individual and official capacities, employed by both COUNTY and NASSAU POLICE under the direction of Defendant's COUNTY and NASSAU POLICE, and were acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the COUNTY and/or NASSAU POLICE.

17.    During all times relevant to this Complaint, the Defendants were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the COUNTY.

18.    During all times relevant to this Complaint, the Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

19.    During all times relevant to this Complaint, the Defendants, and each of them, had the power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants and thereby became a party to unlawfully subjecting the Plaintiff to harm and denial of basic rights.

5

20.     On or about June 1, 2016, at approximately 9:15 p.m. MR. PASSERO was walking back to his house to use the bathroom after completing his exercise. MR. PASSERO  heard a car suddenly pull up and stop behind him with yelling coming from it. As MR. PASSERO kept walking, he heard someone shout "Hey!" and other words that MR. PASSERO could not understand. MR. PASSERO turned around to see who it was, but could not see due to the car's bright lights.

21.     The man hurried towards MR. PASSERO, and stated "I said I was the Police, why are you still walking away?" MR. PASSERO stopped and responded that he did not realize they were officers. The car was an unmarked car, no lights were flashing, and neither of the two occupants in the car were wearing a police uniform. The occupants of the car were Defendant MCLAUGHLIN (P.O. # 3195) and Defendant NAPPI (P.O. # 1170). The two officers stated that they were responding to a call of two people loudly arguing in the street. MR. PASSERO responded to the Officers that he did not see or hear anything while he was walking back to his house.

22.     After MR. PASSERO's response, Defendants MCLAUGHLIN and NAPPI should have left him alone, but they began questioning MR. PASSERO.  MR. PASSERO  fully cooperated and answered  all questions. While questioning MR. PASSERO, Defendant MCLAUGHLIN reached into MR. PASSERO's front pocket, without having any probable cause to do so, and questioned if he had anything on him he should not have. MR. PASSERO immediately stepped back, said no,  and asked Defendant MCLAUGHLIN what he was doing.

23.     Without making any allegations or having any basis, Defendant MCLAUGHLIN instructed MR. PASSERO to produce his identification. MR. PASSERO was unable to produce it because he could  not locate his wallet. Defendant MCLAUGHLIN snatched MR. PASSERO's phone from his hand and pointed to a Farmingdale State University's Identification that was attached to MR. PASSERO's cell phone sleeve. Defendant MCLAUGHLIN  told the MR. PASSERO  that his School

6

PASSERO's cell phone sleeve. Defendant MCLAUGHLIN told the MR. PASSERO that his School Identification was not sufficient.

24.     Concerned about the nature of the stop, and the inappropriate actions of the officers, MR. PASSERO asked to speak to Defendant MCLAUGHLIN's and Defendant NAPPI's supervisor. While waiting with the Defendant Officers, MR. PASSERO told the Officers that he needed to use the bathroom. MR. PASSERO asked Defendant MCLAUGHLIN if he was being detained or under arrest. Defendant MCLAUGHLIN responded that MR. PASSERO was neither being detained or under arrest.

25.     MR. PASSERO stated that he wanted to leave and walk back to his home. As MR. PASSERO tried to leave, Defendant MCLAUGHLIN stepped in front of him and said "You are not going anywhere." Defendant MCLAUGHLIN then put his shield in MR. PASSERO's face and yelled "because this is AUTHORITY!" MR. PASSERO then asked Defendant NAPPI whether he was being detained or under arrest. In response Defendant NAPPI sarcastically stated "What do you think you are a lawyer?" "You got rights?"

26.     Needing to use the bathroom and with the understanding that he was not being detained or under arrest, MR. PASSERO turned to walk away from the Defendants, stating that he was going home. Defendant MCLAUGHLIN punched MR. PASSERO in his chest, stating "Oh no you are not, take him down!" Defendant MCLAUGHLIN and Defendant NAPPI then threw MR. PASSERO down to the ground and began to attack him. Defendants MCLAUGHLIN and NAPPI repeatedly beat and assaulted MR. PASSERO until he defecated in his pants. The officers repeatedly slammed MR. PASSERO's head into the ground as he screamed and yelled for help, pleading for someone to call 911.

27.     MR. PASSERO was then handcuffed and forced to stand in the street, in the clothes he defecated in, and wait for other police officers to arrive to the scene. MR. PASSERO was detained against his will, placed in a police car, and taken to the Second Precinct.

7

28.     At no time during this altercation was MR. PASSERO informed why he was being placed in handcuffs. When MR. PASSERO first arrived to the precinct, he asked if he could go to the restroom to clean himself up since he defecated on himself. Instead, he was placed in a cell and told to wait to be fingerprinted and take his mug shot.

29.     At around 5:00am, two police officers took MR. PASSERO to the hospital for his injuries. After spending an hour at the hospital, the police officers took MR. PASSERO to a holding area in Mineola for another hour. After waiting an hour, MR. PASSERO was taken to the Courthouse for his arraignment. MR. PASSERO spent a total of approximately seven hours waiting for his arraignment and was not released until after 6:00am.

30.     After this incident, MR. PASSERO was required to return to Court many times and had to retain an attorney. On or about January 2017 the charges were dismissed. Due to this incident, MR. PASSERO was not able to obtain many of the state jobs he applied to because they all required background checks.

31.     MR. PASSERO was falsely arrested and falsely charged with three (3) counts, which included, obstructing governmental administration in the second degree; resisting arrest, and disorderly conduct. At all times, the Defendant police officers were aware that MR. PASSERO committed no crimes, and that the allegations Defendant Police Officer made against Mr. Passero were making were false. The Officers along with other members/officers of NASSAU POLICE wrote and gave false statements and testimony; provided false police reports, fabricated evidence, intimidated MR. PASSERO, falsely arrested MR. PASSERO, falsely accused MR. PASSERO of crimes which he did not commit, and wrote and submitted false investigative reports.

32.     MR. PASSERO sustained multiple injuries including but not limited to permanent damage to his body, mental anguish, mental pain and suffering, loss of good standing in the community,

8

embarrassment, loss of possible income, loss of freedom, humiliation, shame, extreme mental and emotional harm and stress, impairment of earning power, court fees, legal fees and costs, and other monetary damages and other injuries not yet fully ascertained.

## AS AND FOR COUNT ONE
### 42 U.S.C §1983 - FALSE ARREST

33.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint with the same force and effect as though fully set forth herein.

34.     On or about June 1, 2016, Defendants COUNTY, NASSAU POLICE, MCLAUGHLIN, and NAPPI , falsely arrested, falsely seized and falsely detained Plaintiff, thus depriving him of his freedom. Said seizure was made without probable cause, as Defendants were of the knowledge that Plaintiff had committed no crime.

35.     The Defendants MCLAUGHLIN and NAPPI lacked any probable cause to stop, hold and detain the Plaintiff in custody for any period of time, no less the prolonged period of custody at the local Police Precinct and the Nassau County Police Headquarters.

36.     Without such probable cause, Defendants MCLAUGHLIN and NAPPI wrongfully detained the Plaintiff in the back of a police car, at the police precinct, at the Headquarters, and at the jail, denied Plaintiff his freedom for a period of approximately one day. During said time, Plaintiff was physically prevented from leaving the custody of police, in that he was handcuffed and surrounded by officers in a police precinct, and kept there under the supervision and knowledge of the Police.

37.     The Defendants individually and collectively knew at the time of Plaintiff's arrest, and at all times since then, that the evidence they had in connection with the charges brought against Plaintiff were false, inconsistent with and insufficient to establish his guilt with respect to any of the crimes charged.

38.     As a result of said false arrest and false imprisonment, Plaintiff suffered and continues

to suffer pain, great emotional and psychological harm, anxiety and personal fear, all due to the callous

indifference of said Defendants in falsely arresting and imprisoning ROBERT A. PASSERO and

requiring him to face false charges.

39.     By reason of the foregoing, Plaintiff has been damaged in  excess of Three Million

($3,000,000.00), including the cost of this action, attorneys fees pursuant 42 U.S.C. §1988, and punitive

damages.

## AS AND FOR COUNT TWO
## 42 U.S.C §1983 - MALICIOUS PROSECUTION and ABUSE OF PROCESS

40.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 39 of this Complaint with the same force and effect as though fully set forth herein.

41.     Defendants COUNTY, NASSAU POLICE, MCLAUGHLIN and NAPPI maliciously

caused a criminal proceeding to be commenced against Plaintiff without reasonable and probable cause.

Defendants MCLAUGHLIN and NAPPI actively instigated and encouraged the baseless prosecution of

the Plaintiff. As a result of this baseless prosecution and abuse of process, Plaintiff was falsely detained,

wrongfully arrested, maliciously prosecuted along with other wrongful acts conducted.

42.     Said baseless prosecution and abuse of process was continued by Defendants COUNTY

and NASSAU POLICE's refusal to adequately investigate and properly discipline   Defendants

MCLAUGHLIN and NAPPI for their actions against the Plaintiff.  Specifically, the COUNTY  failed

to investigate and  verify the veracity of the Plaintiff's claims.

43.     The continued action taken by the Defendants MCLAUGHLIN and NAPPI to prosecute,

persecute and fully inconvenience the Plaintiff with false criminal charges is an abuse of process, in that

using the courts and judicial process to persecute, intimidate, inconvenience and further damage the

10

Plaintiff, despite no significant evidence for prosecuting the baseless charges of obstructing governmental administration, resisting arrest, and disorderly conduct and a complete absence of reasonable or probable cause.

44.     As a result of said baseless prosecution and abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily by his incurring of attorney fees, lost business opportunities, and other expenses incurred in the attempt to clear the Plaintiff from these false and maliciously imposed criminal charges.

45.     As a result of said baseless prosecution and abuse of process, Plaintiff was subjected to a highly substantial and identifiable interference with his person, property and business based upon his arrest of June 1, 2016 and his unlawful detention up until June 2, 2016.  Furthermore, Plaintiff's liberty was continuously compromised as a result of the continued baseless prosecution of this matter, and he was subjected to significant burden and humiliation.

46.     As a further result of said baseless prosecution and abuse of process, Plaintiff was forced to incur legal expenses in the amount of three thousand five hundred ($3,500.00) dollars in order to defend himself against these frivolous charges, baseless prosecution and abuse of process.

47.     As a further result of said baseless prosecution and abuse of process, Plaintiff suffered injury to his reputation in the community and his professional reputation. Plaintiff was caused to forego employment opportunities with the State because they all required background checks, causing him to suffer additional economic loss.

48.     By reason of the foregoing, Plaintiff has been damaged in the sum of in excess of Three Million ($3,000,000.00) Dollars,  including the cost of this action, attorneys fees pursuant 42 U.S.C. § 1988, and punitive damages.

11

## AS AND FOR COUNT THREE
### 42 U.S.C §1983 - EXCESSIVE FORCE

49.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 48 of this Complaint with the same force and effect as though fully set forth herein.

50.     Defendants COUNTY, NASSAU POLICE, MCLAUGHLIN and NAPPI used excessive force against Plaintiff in violation of 42 U.S.C. § 1983. The vicious beating, the level of physical force used, and the other wrongful acts conducted against Plaintiff, including but not limited to Defendant MCLAUGHLIN punching MR. PASSERO in his chest, the officers throwing MR. PASSERO down to the ground and attacking him, repeatedly beating and assaulting MR. PASSERO until he defecated in his pants, and the officers repeatedly slamming MR. PASSERO's head into the ground as he screamed and yelled for help, pleading for someone to call 911, all constitute excessive force.

51.     The unreasonable, unnecessary, and excessive force Defendants used was far beyond any potential alleged threat perceive of Plaintiff. As such, the force used against Plaintiff by Defendants was negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious and unwarranted use of force, but failed to prevent same and breached their duty.

52.     As a consequence of Defendant MCLAUGHLIN and NAPPI's use of unnecessary force and wrongful actions, negligent behavior and violation of state and federal laws, Plaintiff was deprived of his freedom, was seriously physically injured, was subjected to great fear and terror and personal humiliation and degradation, and suffered great physical pain and impairment, mental and emotional distress as a result of the aforementioned unlawful conduct of Defendants MCLAUGHLIN and NAPPI and the other Defendants.

53.     By reason of the foregoing, Plaintiff has been damaged in excess of Three Million ($3,000,000.00) Dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. § 1988, and

punitive damages

## AS AND FOR COUNT FOUR
### 42 U.S.C §1983 - FAILURE TO INTERVENE

54.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 53 of this Complaint with the same force and effect as though fully set forth herein.

55.     Defendants COUNTY, NASSAU POLICE, MCLAUGHLIN, and NAPPI, knew or should have known that the detainment, false arrest, wrongful imprisonment, and malicious prosecution of Plaintiff violated the Plaintiff's rights, guaranteed to him under 42 U.S.C. § 1983.

56.     Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1983 to prevent the false arrest, wrongful detainment and malicious prosecution of the Plaintiff, yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur, all without lawful or proper basis or justification. All without consideration of plaintiff's rights and in violation of all of plaintiff's rights.

57.     Defendants MCLAUGHLIN, NAPPI , and NASSAU POLICE's failure to stop these wrongful actions constitutes a breach of their duty to do so under 42 U.S.C.§ 1983.

58.     Defendants MCLAUGHLIN, NAPPI , and NASSAU POLICE knew or should have known that the fabricated accusations against, and malicious prosecution of Plaintiff were violative of his Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the Constitution.

59.     As a result of said failure to intervene, Plaintiff suffered and continues to suffer pain, great emotional and psychological harm, anxiety and personal fear, all due to the callous indifference of said Defendants in falsely arresting and imprisoning Plaintiff and requiring him to face false charges.

60.     By reason of the foregoing, Plaintiff has been damaged in excess of Three Million

($3,000,000.00) Dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. § 1988, and punitive damages

## AS AND FOR COUNT FIVE
## 42 U.S.C §1983 - FABRICATION OF EVIDENCE

61.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 60 of this Complaint with the same force and effect as though fully set forth herein.

62.     Defendants COUNTY, NASSAU POLICE, MCLAUGHLIN, and NAPPI fabricated evidence as it relates to the incident involving Plaintiff on June 1, 2016, which constituted violations of his constitutional rights under Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious.

63.     Defendants COUNTY, NASSAU POLICE, MCLAUGHLIN, and NAPPI falsified documents and arrest paperwork as it relates to the incident involving Plaintiff on June 1, 2016, which constituted violations of his constitutional rights under Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious.

64.     Defendants COUNTY, NASSAU POLICE, MCLAUGHLIN, and NAPPI falsified official records as it relates to the incident involving Plaintiff on June 1, 2016, which constituted violations of his constitutional rights under Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious.

65.     Defendants MCLAUGHLIN, and NAPPI fabricated evidence as it relates to the incident involving Plaintiff on June 1, 2016, which constituted violations of his constitutional rights under Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious. Ideologies

66.     Defendants MCLAUGHLIN, and NAPPI withheld evidence as it relates to the incident

14

involving Plaintiff on June 1, 2016 which constituted violations of his constitutional rights under Fourth, Fifth, Sixth and Fourteenth Amendments. Plaintiff alleges that this conduct was intentional and malicious.

67.    Defendants MCLAUGHLIN and NAPPI's accusations and allegations against Plaintiff were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to persecute Plaintiff.

68.    Defendants expressly and impliedly, acted with each other to bring about Plaintiff's seizure, false arrest, and detention, all without lawful or proper basis or justification. All without consideration of Plaintiff's rights and in violation of Plaintiff's rights as stated herein.

69.    Defendants MCLAUGHLIN and NAPPI were aware that the representations made to the Court and representations made in sworn documents were representations of fact, that on June 1, 2016, Plaintiff was walking home from his exercise, was stopped by the police, questioned, responded to the questions, then was unlawfully detained and arrested by the police as well as other facts listed in paragraphs 20-32 of this Complaint.

70.    Defendants MCLAUGHLIN and NAPPI knew said representations were false, and said representations were made with a reckless disregard to their veracity.

71.    The false representations, false arrest, false imprisonment, and violation of the laws of the State of New York and Plaintiff's civil rights were brought about, and caused by the actions of Defendants and the same were a clear and intentional abuse of process causing Plaintiff damages. All of these rights are secured to Plaintiff by the provisions of the New York State Constitution.

72.    Based on the foregoing, Plaintiff has been placed in fear of his life, exposed to disgrace, public humiliation and embarrassment and has been damaged in excess of Three Million ($3,000,000.00) Dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. § 1988, and punitive

damages.

## AS AND FOR COUNT SIX
## 42 U.S.C §1983 - MUNICIPAL LIABILITY

73.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 72 of this Complaint with the same force and effect as though fully set forth

herein.

74.     Prior to October June 1, 2016 and since, Defendants COUNTY and NASSAU POLICE

have permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal abuses and

arrests of persons by police officers.  Despite the egregiously improper conduct, the officers involved

were not seriously prosecuted, disciplined or subjected to restraint and such incidents were in fact

covered up with official claims that the harassments were justified and proper. As a result, Defendants

NASSAU POLICE were caused and encouraged to believe that individuals could be falsely arrested,

prosecuted and imprisoned under circumstances requiring the use of fabricated and falsified evidence

and giving false testimony, falsified and intentionally misleading reports, ignoring and misapplying the

rules and regulations,  and that such behavior would, in fact, be permitted by the COUNTY.

75.     In addition to permitting a pattern and practice of improper treatment of persons, the

COUNTY has failed to maintain a proper system for oversight of officers and supervisors and for

investigation of all incidents of unjustified arrests and prosecution by their agents/employees.

76.     The COUNTY has failed to respond to the continuing and urgent need to prevent,

restrain and discipline police officers that deprive citizens of their civil rights.

77.     A system allegedly maintained by the COUNTY, has failed to properly review

unjustified behavior and activities by police officers, and has failed to identify the violative acts by

police officers and to subject officers to discipline, closer supervision or restraint to the extent that it has

become the custom of the COUNTY to tolerate the improper and illegal arrests and other wrongful actions by police officers.

78. Upon information and belief, specific systemic flaws in the COUNTY's police misconduct review process include but are not limited to the following:

a. Preparing reports regarding investigations of incidents as routine point-by-point justification of the police officers actions regardless of whether such actions are justified;

b. Police officers investigating incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c. Police officers investigating incidents fail to include in their reports relevant factual information that would tend to contradict the statements of the police officer involved;

d. Police officers failing to communicate, properly respond to the scene, and failing to provide the proper supervision at the scene of incidents;

e. Create and manufactured false testimony and evidence;

f. Overlooking false and misleading statements made by Police Personnel.

79. The foregoing acts, omissions, systemic flaws, policies and customs of the COUNTY caused Nassau County Police Officers to believe that improper actions would not be aggressively, honestly and properly investigated with the foreseeable result that officers are most likely to act inappropriately and falsify evidence in situations where such evidence is neither necessary nor reasonable. These such failures continued and were part of an ongoing culture.

80. As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of the Defendant COUNTY, the Plaintiff was unjustifiably mistreated, illegally arrested and wrongfully detained, in violation of his civil and constitutional rights. Moreover, he has suffered and will continue to suffer from psychological harm, humiliation, fear, defamation of character and injury to his reputation, monetary expenses in lost wages and legal costs, personal humiliation, damage to

17

reputation and loss of standing in the community, and severe physical, emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which he incurred. All of these rights are secured to Plaintiff by the provisions of the Fourth Amendment, the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as 42 U.S.C. § 1983.

81. As a result of the foregoing, Plaintiff has been exposed to disgrace, public humiliation and embarrassment and has been damaged in excess of Three Million ($3,000,000.00) Dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C.§ 1988, and punitive damages.

## AS AND FOR COUNT SEVEN
### STATE LAW ASSAULT AND BATTERY

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 81 of this Complaint with the same force and effect as though fully set forth herein.

83. Defendant MCLAUGHLIN assaulted and battered Plaintiff when Defendant MCLAUGHLIN punched Plaintiff repeatedly, pushed him to the ground, and banged his head.

84. Defendant MCLAUGHLIN placed Plaintiff in fear for his safety when Defendant MCLAUGHLIN viciously attacked Plaintiff while Plaintiff was trying to go home to use the bathroom.

85. Defendant MCLAUGHLIN had no legal privilege to physically assault, batter or use any force against Plaintiff as Plaintiff was trying to leave since he was not being detained or arrested. Plaintiff presented no danger to any person when Defendant MCLAUGHLIN viciously and repeatedly punched Plaintiff as he was trying to leave.

86. As a consequence of Defendant MCLAUGHLIN's use of unnecessary force, assault and battery and Defendant's wrongful actions, negligent behavior and violation of state and federal laws, Plaintiff was deprived of his freedom, was seriously physically injured, and was subjected to great fear

18

and terror and personal humiliation and degradation, and suffered great physical pain and impairment, mental and emotional distress as a result of the aforesaid unlawful conduct of Defendant MCLAUGHLIN and the other Defendants.

87.     By reason of the foregoing, Plaintiff has been damaged in excess of Three Million ($3,000,000.00) Dollars, including the cost of this action and punitive damages.

## AS AND FOR COUNT EIGHT
## STATE LAW NEGLIGENCE

88.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 87 of this Complaint with the same force and effect as though fully set forth herein.

89.     The Defendants COUNTY, NASSAU POLICE, MCLAUGHLIN, and NAPPI had a duty under 42 U.S.C. § 1983, under New York State Law, and their own rules and regulations to prevent and cease the wrongful detainment, false arrest, false imprisonment, malicious and false charging and prosecuting, as well as a duty to hire, to train, to investigate, supervise and discipline Defendants MCLAUGHLIN, NAPPI and "JOHN DOES 1-10" and prevent other wrongful acts that were committed against Plaintiff.

90.     In actively inflicting and failing to prevent the above stated abuses incurred by the Plaintiff, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal search and seizure, detained custody, and other due process violations. Said rights are guaranteed to the Plaintiff by 42 U.S.C. § 1983 and by the Fourth, Fifth and Fourteenth Amendments of the Constitution.

91.     The breach of duty by the Defendants MCLAUGHLIN and NAPPI was a direct and proximate cause of the harm suffered by Plaintiff. Said harm includes physical harm, pain and suffering

which continues to this day, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community, and severe physical, emotional and psychological damage.

92.     By reason of the foregoing, Plaintiff has been in excess of Three Million ($3,000,000.00) Dollars, including the cost of this action and punitive damages.

### AS AND FOR COUNT NINE
### STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 92 of this Complaint with the same force and effect as though fully set forth herein.

94.     The Defendants MCLAUGHLIN and NAPPI acted outrageously for their above stated roles in the wrongful stop, detainment, false arrest, malicious prosecution, prolonged imprisonment, intimidation and public humiliation of the Plaintiff.

95.     Said emotional harm was exacerbated by the fabricated criminal charges against the Plaintiff, known by MCLAUGHLIN and NAPPI to be without basis, and denied Plaintiff of his freedom with the intention of causing extreme further harm and duress to the Plaintiff.

96.     The Defendants MCLAUGHLIN and NAPPI's initiation of a baseless charge, falsified testimony, with sadistic intent and for the purpose of subjecting Plaintiff to the prosecution system is utterly intolerable in a civilized society.

97.     The Defendants knew that their conduct, along with the threat of imprisonment would cause severe and extreme emotional harm to Plaintiff.

98.     Said harm did in fact occur in this case, in that the Plaintiff was debilitated to the point where he still suffers from episodes of anxiety, anger, loss of sleep, and other factors, to the extent that

the Plaintiff is in need of counseling by a psychiatrist or similar health care provider.

99.     By reason of the foregoing, Plaintiff has been damaged in excess of Three Million

($3,000,000.00) Dollars, including the cost of this action, attorneys fees pursuant 42 U.S.C. § 1988, and

punitive damages

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants:

a)      As and for Count One a sum in excess of Three Million ($3,000,000.00) Dollars;

b)      As and for Count Two a sum in excess of Three Million ($3,000,000.00) Dollars;

c)      As and for Count Three a sum in excess of Three Million ($3,000,000.00) Dollars;

d)      As and for Count Four a sum in excess of Three Million ($3,000,000.00) Dollars;

e)      As and for Count Five a sum in excess of Three Million ($3,000,000.00) Dollars;

f)      As and for Count Six a sum in excess of Three Million ($3,000,000.00) Dollars;

g)      As and for Count Seven a sum in excess of Three Million ($3,000,000.00) Dollars;

h)      As and for Count Eight a sum in excess of Three Million ($3,000,000.00) Dollars;

I)      As and for Count Nine a sum in excess of Three Million ($3,000,000.00) Dollars;

m)      Declaratory Judgment that defendants willfully violated Plaintiffs' rights secured by federal and state law as alleged herein;

n)      Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin DEFENDANTS from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

o)      Award such other and further relief as this Court may deem appropriate, including costs and attorney's fees, pursuant to 42 U.S.C. §1988.

## *PLAINTIFF DEMANDS A TRIAL BY JURY*

Dated:  Hempstead, New York
      August 4,  2017

                              Respectfully submitted,

                              LAW OFFICES OF
                              FREDERICK K. BREWINGTON

By:     */S/ Frederick K. Brewington*
                              FREDERICK K. BREWINGTON
                              *Attorneys for Plaintiff*
                              556 Peninsula Boulevard
                              Hempstead, New York 11550
                              (516) 489-6959